# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **AMBER BERKSHIRE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | |
| **COMPASS HEALTH, INC.,** ) | |
| d/b/a **COMPASS HEALTH NETWORK,** ) | |
| ) | |
| Defendant. ) | |

## VERIFIED COMPLAINT FOR VIOLATIONS OF
## THE FAIR LABOR STANDARDS ACT ("FLSA") AND
## THE MISSOURI MINIMUM WAGE LAW ("MMWL")

Plaintiff Amber Berkshire, by and through undersigned counsel, brings this action against Compass Health, Inc. d/b/a Compass Health Network ("Compass Health" or "Defendant"), and for her Complaint against Defendant states as follows:

### NATURE OF THE COMPLAINT

1. This is an action for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500 et seq. ("MMWL").

2. Plaintiff seeks recovery for Defendant's failure to compensate her for extensive *on-call* time during which she was required to remain continuously available to respond to emergencies, materially restricting her personal freedom and effectively keeping her "on duty" twenty-four hours a day, seven days a week.

3. Defendant's policy of requiring 24/7 on-call availability without compensation violates both federal and state wage laws governing overtime pay.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1367, because the FLSA claim arises under federal law and the state claims forms part of the same case or controversy.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the unlawful employment practices occurred in Missouri and Defendant operates facilities within this District.

6. Defendant is subject to the personal jurisdiction of this Court because it conducts substantial business in Missouri, including the employment of Plaintiff at its residential facility near Rolla, Missouri.

## THE PARTIES

7. Plaintiff Amber Berkshire is an adult resident of Pulaski County, Missouri. She has been continuously employed by Compass Health Network since December 19, 2016, and remains employed as a Community Living Instructor Supervisor.

8. Defendant Compass Health, Inc. d/b/a Compass Health Network is a Missouri corporation headquartered in Clinton, Missouri, doing business throughout the state, including the operation of behavioral and residential programs in the Rolla area.

## FACTUAL ALLEGATIONS

9. Plaintiff Amber Berkshire has been continuously employed by Compass Health Network since December 19, 2016, and currently serves as a Community Living Instructor Supervisor.

10. Defendant Compass Health, Inc. d/b/a Compass Health Network operates residential behavioral-health programs throughout Missouri, including facilities near Rolla.

11. Plaintiff's duties include supervising direct-care staff, monitoring client safety, responding to crises, and ensuring compliance with treatment protocols.

12. Plaintiff is paid on an hourly basis and required to record her time in Defendant's electronic system. Her regular schedule averaged approximately forty hours per week.

13. In or about May 2024, following a change in leadership, Program Director Matthew Thedford informed Plaintiff that she would be required to remain on call twenty-four hours per day, seven days per week, indefinitely.

14. During each on-call period, Plaintiff was required to stay within thirty miles of the facility, remain dressed and ready to report within thirty minutes, carry two telephones, and abstain from any activity—travel, errands, recreation—that might delay her response.

15. Plaintiff regularly received calls and texts after hours, and was expected to resolve staff and client emergencies at any time of day or night. These restrictions effectively kept her continuously on duty for Defendant's benefit.

16. Despite being under continuous work restrictions and frequently working well over forty hours in a week, Defendant paid Plaintiff only for her scheduled hours but provided no compensation whatsoever for the additional compensable on-call time.

17. Defendant's policy and practice of requiring 24/7 availability without corresponding compensation caused Plaintiff's total hours worked to exceed forty per week in nearly every week since May 2024, in violation of 29 U.S.C. § 207 and Mo. Rev. Stat. § 290.505.

18. In the spring of 2025, Plaintiff raised internal concerns that Director Matthew Thedford was failing to meet state contractual obligations imposed under Missouri's Department of Mental Health (SB40) program.

19. Plaintiff provided documentation of the contractual compliance failures to internal leadership and later to the SB40 Board's service coordinator.

20. Within weeks of these disclosures, Defendant issued Plaintiff three baseless disciplinary write-ups, excluded her from management meetings, and questioned her loyalty. The

write-ups were later voided for lack of evidence, but the retaliatory atmosphere persisted until the SB40 program was shut down on July 1, 2025.

21. After the SB40 program's closure, Plaintiff was transferred to Defendant's Psychiatric Individual Supported Living (PISL) program, where she remained subject to the same 24/7 on-call requirements.

22. Between May 2024 and October 2025, Plaintiff repeatedly complained to her supervisors—Thedford, Courtney Cason, Alison McCaslin, and Kassie Stizes—that she was not being compensated for her continuous on-call time. Each inquiry was dismissed.

23. After working eighteen consecutive days without relief, Plaintiff emailed McCaslin and Stizes asking whether Defendant's on-call pay practice complied with Missouri and federal labor laws. She was directed to Employee Relations and then contacted Human Resources Director David AuBuchon, who replied that the practice "was not illegal."

24. Following those inquiries, Defendant denied Plaintiff's time-off requests, passed her over for promotion, imposed heightened performance demands, and refused to clarify the limits of her on-call obligations. These actions were intended to deter further complaints about unpaid overtime.

25. Plaintiff remains employed by Compass Health Network. She continues to perform compensable on-call work without compensation and continues to experience adverse treatment for having raised wage-law concerns.

26. Defendant has willfully violated the FLSA and MMWL by failing to compensate Plaintiff for hours worked beyond forty per week.

27. Defendant has further retaliated against Plaintiff both for (a) reporting contractual-compliance issues under Missouri law and (b) asserting her rights to lawful compensation under state and federal wage statutes.

## COUNT I – FAILURE TO PAY OVERTIME COMPENSATION
*(Fair Labor Standards Act, 29 U.S.C. § 201 et seq.)*

28. Plaintiff re-alleges and incorporates paragraphs 1–27, as though fully set forth herein..

29. Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d), and Plaintiff is an "employee" under § 203(e).

30. Defendant failed to pay Plaintiff for compensable on-call time as required by 29 U.S.C. § 207(a), which mandates overtime pay at one and one-half times the regular rate for all hours worked in excess of forty in a workweek.

31. Plaintiff routinely worked on-call roughly sixteen hours per day but received no compensation for this on-call time.

32. Defendant's policy of requiring constant on-call availability without pay constitutes a willful violation of the FLSA, entitling Plaintiff to back wages, an equal amount in liquidated damages, and attorneys' fees.

## COUNT II – FAILURE TO PAY WAGES UNDER MISSOURI LAW
*(Mo. Rev. Stat. § 290.500 et seq.)*

33. Plaintiff re-alleges paragraphs 1–32, as though fully set forth herein..

34. Defendant's conduct also violates the Missouri Minimum Wage Law, which adopts the standards of the FLSA for determining compensable work time and overtime entitlement.

35. Defendant failed to compensate Plaintiff for hours worked while "engaged to wait" and otherwise under the employer's control.

36. Defendant's failure to pay lawful wages was knowing, willful, and without good-faith justification.. Plaintiff is entitled to treble damages under Mo. Rev. Stat. § 290.527, together with costs and attorneys' fees.

5

## COUNT III – RETALIATION (FLSA § 15(a)(3))

37. Plaintiff re-alleges paragraphs 1–36, as though fully set forth herein..

38. After Plaintiff complained internally and to state regulators about Compass Health's failure to compensate on-call time, Defendant engaged in retaliatory acts, including baseless write-ups, denial of promotions, denial of time off, and increased performance scrutiny.

39. Defendant's retaliatory actions were intended to discourage Plaintiff from asserting her wage rights and have continued during her ongoing employment.

40. Defendant's conduct violated 29 U.S.C. § 215(a)(3), entitling Plaintiff to damages including back pay, liquidated damages, and attorneys' fees.

## COUNT IV – RETALIATION IN VIOLATION OF THE MISSOURI WHISTLEBLOWER PROTECTION ACT
*(Mo. Rev. Stat. § 285.575)*

41. Plaintiff re-alleges and incorporates paragraphs 1–40, as though fully set forth herein.

42. Plaintiff engaged in protected activity within the meaning of the Missouri Whistleblower Protection Act ("MWPA"), Mo. Rev. Stat. § 285.575, by reporting in good faith to her employer and to state officials that Compass Health Network and its director were failing to fulfill contractual obligations imposed by the Missouri Department of Mental Health's SB40 program.

43. Specifically, in the spring of 2025, Plaintiff provided internal documentation showing that Program Director Matthew Thedford was not meeting state-mandated contractual requirements, and she later disclosed these compliance failures to the Department of Mental Health's SB40 Board service coordinator.

44. Plaintiff's disclosures concerned what she reasonably believed to be violations of law, regulation, or contractual obligations required by the State of Missouri for the lawful operation of Defendant's residential services program.

45. After Plaintiff made these reports, Defendant retaliated against her by issuing unfounded disciplinary write-ups, excluding her from decision-making, denying her advancement opportunities, and subjecting her to adverse scheduling and time-off decisions.

46. These retaliatory actions were motivated by Defendant's desire to punish Plaintiff for reporting the director's non-compliance to the SB40 Board and internal leadership and were intended to discourage further protected disclosures.

47. Defendant's conduct constitutes retaliation in violation of Mo. Rev. Stat. § 285.575.

48. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered lost wages, emotional distress, reputational harm, humiliation, and other non-economic damages.

49. Defendant's retaliatory acts were willful, malicious, and taken with reckless indifference to Plaintiff's rights, entitling her to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Amber Berkshire respectfully requests that this Court enter judgment in her favor and against Compass Health, Inc. d/b/a Compass Health Network, and award the following relief:

a. Unpaid Overtime Compensation under the Fair Labor Standards Act, 29 U.S.C. § 207, and the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500 et seq.;

b. Liquidated Damages under 29 U.S.C. § 216(b) equal to the amount of unpaid wages found due;

c. Treble Damages under Mo. Rev. Stat. § 290.527 for Defendant's knowing and willful failure to pay wages due under Missouri law;

d. Compensatory and Punitive Damages under the Missouri Whistleblower Protection Act, Mo. Rev. Stat. § 285.575, including emotional distress, reputational harm, and other non-economic damages resulting from Defendant's retaliatory conduct;

e. Damages for Retaliation under 29 U.S.C. § 215(a)(3), including compensatory and liquidated damages as permitted by law;

    f.  An order enjoining Defendant from continuing to retaliate against Plaintiff or subjecting her to any further adverse treatment as a result of her protected activity;

    g.  Pre- and Post-Judgment Interest on all monetary awards as provided by law;

    h.  Reasonable Attorneys' Fees and Costs incurred in prosecuting this action; and

    i.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*s/Philip E. Oliphant*
Philip E. Oliphant, Bar Number: 25990(TN)
THE ROLWES LAW FIRM, LLC
1951 Mignon Avenue
Memphis, TN 38107
901.519.9135 (voice)
901.979.2499 (fax)
poliphant@rolweslaw.com

*s/Edward J. Rolwes*
Edward J. Rolwes, Bar Number: 51522(MO)
THE ROLWES LAW FIRM, LLC
2333 South Hanley Road, S. 104
St. Louis, MO  63144
314-806-9626 (voice)
314-472-0900 (fax)
erolwes@rolweslaw.com

*Attorneys for Plaintiff*

## DECLARATION AND VERIFICATION

 I, Amber Berkshire, verify and declare that the facts stated in the foregoing Verified Complaint for violations of the Fair Labor Standards Act, the Missouri Minimum Wage Law, and the Missouri Whistleblower Protection Act are true to the best of my knowledge and belief, and that this Complaint is not made out of levity or by collusion with Defendant, but in sincerity and truth for the causes mentioned herein.

*Amber Berkshire*
Amber Berkshire (Oct 24, 2025 17:53:09 CDT)
_____
Amber Berkshire

10/24/2025
_____
Date

# 2501024 - Berkshire Complaint DRAFT

Final Audit Report                                                                    2025-10-24

| | |
|---|---|
| Created: | 2025-10-24 |
| By: | Philip Oliphant (poliphant@rolweslaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAGvkmcsa8Dn6XZDawSdPYWzmQ8UvLVIee |

## "2501024 - Berkshire Complaint DRAFT" History

- Document created by Philip Oliphant (poliphant@rolweslaw.com)
  2025-10-24 - 10:34:06 PM GMT

- Document emailed to Amber Berkshire (aberkshire07@icloud.com) for signature
  2025-10-24 - 10:34:10 PM GMT

- Email viewed by Amber Berkshire (aberkshire07@icloud.com)
  2025-10-24 - 10:52:07 PM GMT

- Document e-signed by Amber Berkshire (aberkshire07@icloud.com)
  Signature Date: 2025-10-24 - 10:53:09 PM GMT - Time Source: server

- Agreement completed.
  2025-10-24 - 10:53:09 PM GMT

Adobe Acrobat Sign